1
2
3
4
5
6                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
7                                AT TACOMA

RACHEL JAMES,
8
                              Plaintiff,          Case No. C18-5015 JCC
9
            v.                                    **ORDER AFFIRMING THE
10                                                COMMISSIONER'S FINAL
      NANCY A. BERRYHILL, Deputy                  DECISION AND DISMISSING THE
11    Commissioner of Social Security for Operations,  CASE WITH PREJUDICE**

12                            Defendant.

13          Plaintiff seeks review of the denial of her application for Disability Insurance Benefits.

14   Plaintiff contends the ALJ erred by rejecting her testimony and her treating physician's opinions.

15   Dkt. 9.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and

16   **DISMISSES** the case with prejudice.

17                               **BACKGROUND**

18          Plaintiff is currently 42 years old, has a high school education, and has worked as a

19   customer service representative, sales clerk, groomer, and waitress.  Administrative Record (AR)

20   31.  On January 28, 2015, plaintiff applied for benefits.  AR 62.  She alleges disability as of July

21   1, 2014.  AR 20.  Plaintiff's applications were denied initially and on reconsideration.  AR 61,

22   90.  After the ALJ conducted a hearing on July 25, 2016, the ALJ issued a decision finding

23

plaintiff not disabled.  AR 37, 20-32.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not worked at the level of substantial gainful activity since the alleged onset date of July 1, 2014, although she worked part time through November 2014.

**Step two:**  Plaintiff has the following severe impairments: pervasive depressive disorder, generalized anxiety disorder, obesity, trapezius strain, synovial cyst, degenerative disc disease, and asthma.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC):**  Plaintiff can perform sedentary work, lifting 10 pounds occasionally and less than 10 pounds frequently.  She can stand and/or walk for two hours and sit for six hours in an eight-hour workday.  She can occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds.  She can occasionally stoop, crouch, and kneel, and never crawl.  She must avoid concentrated exposure to extreme cold, vibration, pulmonary irritants, and hazards.  She can perform unskilled and semi-skilled work, consistent with a specific vocational preparation (SVP) level up to 4.  She can tolerate occasional contact with coworkers and the public.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

AR 22-32.  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.[3]

## DISCUSSION

This Court may set aside the Commissioner's denial of social security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a

---

[1] 20 C.F.R. § 404.1520.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

**A.    Plaintiff's Symptom Testimony**

Plaintiff testified that she has back pain, hip pain, right leg numbness, and sharp pains in her lower abdomen. AR 44, 48. She can only do something for about 15-20 minutes and then needs to lie down. AR 45-46. She can sit for 15-20 minutes before her leg starts to go numb, and after another 30 minutes the pain is too great to continue sitting. AR 47. About five to eight days per month, she has severe pain and depression and barely leaves her bedroom. AR 49. On other days, she can do some household chores but "tend[s] to leave things undone." AR 51.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons. *Trevizo*, 871 F.3d at

678.  The ALJ discounted plaintiff's testimony because she sought little treatment and her treatment consisted of "mostly routine and conservative care for [her] conditions."  AR 28.  The ALJ also discounted plaintiff's testimony based on her activity level and a lack of objective evidence supporting her allegations.  AR 28.

### 1. Limited Treatment

An "unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons.  *Trevizo*, 871 F.3d at 679-80.  The ALJ cited a lack of treatment records between summer 2015 and summer 2016.  AR 28.  The parties agree that plaintiff had an approximately 7-month gap in treatment between October 2015 and May 2016.  AR 533; Dkt. 9 at 12, Dkt. 12 at 6.  Plaintiff lists several treatment records between February 2014 and May 2016 and asserts that the ALJ's conclusion was "not reasonable."  Dkt. 13 at 6.  Plaintiff's interpretation is that her treatment records, generally showing one to three months between visits, are consistent with her alleged symptoms.  However, the ALJ's interpretation that the infrequency of treatment belied her allegations is reasonable.  The Court must uphold the ALJ's rational interpretation.  *See Burch*, 400 F.3d at 680-81.

The ALJ also discounted plaintiff's testimony because she did not seek more than conservative care.  AR 28.  Plaintiff argues that her doctor recommended that she receive "injections" for back pain, and injections are not conservative treatment.  Dkt. 9 at 13 (citing *Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017)).  Plaintiff's neurosurgeon discussed steroid injections as early as March 2014.  AR 453.  Plaintiff's alleged onset date is July 2014.  AR 20.  She received anesthetic injections in May 2015.  AR 488.  Plaintiff testified at the July 2016 hearing that she had not received any injections yet.  AR 45.  It is unclear whether she was

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

distinguishing between anesthetic and steroid injections.  Regardless, at most plaintiff received one anesthetic injection in the two years between her alleged onset date and the hearing.  Plaintiff argues that her insurance company determined whether she could receive injections.  Dkt. 13 at 6.  But plaintiff points to no evidence that her insurance company delayed by two years.  Although other interpretations are possible, the record as it stands provides substantial evidence to support the ALJ's conclusion that plaintiff did not seek more than conservative care.

The Court concludes that the failure to seek more than limited and conservative treatment provided a clear and convincing reason to discount plaintiff's testimony.

### 2. Lack of Objective Evidence

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681.  The ALJ cited treatment records stating that X-rays from April 2015 showed only "minor degenerative disease" and "otherwise unremarkable" results to support his conclusion that "imaging studies [were] not particularly alarming…."  AR 28 (citing AR 487).  Plaintiff does not address the X-ray findings, but argues that the ALJ's conclusion improperly substituted his own medical judgment for her doctor's judgment, because her doctor stated that a February 2014 MRI showed "concerns" in the lower lumbar region.  Dkt. 9 at 12 (quoting AR 516).  Plaintiff mischaracterizes the ALJ's statement, because the ALJ cited a doctor's interpretation of the X-rays, not his own interpretation.  Moreover, mere "concerns" support, rather than undermine, the ALJ's conclusion.

Plaintiff also contests the ALJ's conclusion that the objective medical evidence does not support her symptom testimony by citing treatment records documenting symptoms such as back tenderness and/or decreased range of motion.  Dkt. 9 at 12 (citing AR 423, 428, 461-65, 480,

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

487, 493-94).  Other treatment notes in the same time period, however, document normal findings and include notations such as "no tenderness" (AR 427) or ability to "ambulate without significant pain concerns" (AR 432, 446).  *See also* AR 484 ("minimal discomfort").  Looking at the record as a whole, the Court concludes that substantial evidence supports the ALJ's assessment that the alleged severity of plaintiff's symptoms "is not entirely supported by the objective record…."  AR 28.

### 3.    Plaintiff's Activities

Daily activities can be a clear and convincing reason to discount a claimant's testimony if they meet the threshold for transferable work skills or contradict her testimony.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  The ALJ cited plaintiff's "work activity" that continued for approximately four or five months after her alleged onset date.  AR 29.  The ALJ also cited plaintiff's care for her husband, who is disabled, and "increased responsibility at home" in late 2015.  AR 29.

Defendant argues that plaintiff failed to challenge the ALJ's reason in her opening brief and has thus waived the argument.  Dkt. 12 at 7.  Plaintiff argues in her reply brief that, because she challenged the ALJ's overall assessment of her testimony in her opening brief, in her reply brief she is entitled to raise a specific new ground for her challenge.  Dkt. 13 at 7.  The Court need not resolve this issue because, even if the Court both agreed that plaintiff did not waive the argument and agreed that the ALJ erred, the error would be harmless.  The ALJ provided at least one clear and convincing reason to discount plaintiff's testimony, namely the failure to seek more than limited and conservative treatment, and further supported his assessment by citing a lack of objective medical evidence.  Even if the ALJ provided additional reasons that were erroneous, the ALJ did not err by discounting plaintiff's testimony.  *See Carmickle v. Comm'r,*

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6

*Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (erroneous reasons were harmless error where remaining valid reasons were not "relatively minor").

**B.    Ryan Christopher Johnson, D.O.**

A treating physician's opinions are entitled to greater weight than the opinions of an examining or nonexamining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating doctor by giving "clear and convincing" reasons. *Revels*, 874 F.3d at 654. Even if a treating doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted).

Dr. Johnson's opinions are in the form of answers to a questionnaire created by plaintiff's attorney. AR 500-501. He agreed with a diagnosis of chronic lumbar pain with radiculopathy, and that plaintiff's condition and MRI findings were consistent with her self-reports of severe pain and lying down most of the day two days per week. AR 500. Dr. Johnson opined that plaintiff could stand/walk less than two hours per workday, writing that she "can stand for ~5 minutes before needing to sit due to pain concern." AR 501. He opined that she could sit less than two hours, writing that she "can sit for about 20-30 minutes and then has to lay down due to pain." *Id.* Dr. Johnson opined that plaintiff needed to recline 6-8 hours per workday and would need 30-60 minute breaks in addition to normal breaks. *Id.* He agreed that if she had attempted sedentary full time work since December 2014, her medical impairments would have resulting in missing three or more days of work per month. *Id.*

The ALJ gave Dr. Johnson's opinions "limited weight" because they were unsupported

by the "limited medical records" and his own findings, and inconsistent with plaintiff's activities. AR 30.

### 1. Medical Evidence

An ALJ may reject an opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. And a "physician's opinions can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). The ALJ permissibly concluded that Dr. Johnson's opinions were brief and conclusory, and that his treatment records did not adequately support such extreme limitations. Plaintiff cites the same records discussed above showing symptoms such as tenderness and decreased range of motion. *See* Dkt. 9 at 5-8. Again, plaintiff's interpretation of the records may be rational. However, the ALJ's interpretation, that Dr. Johnson's extreme sitting and standing limitations were unsupported by such mild findings, is rational as well. The Court must affirm the ALJ's rational interpretation. *Burch*, 400 F.3d at 680-81.

### 2. Plaintiff's Activities

An ALJ may reject opined limitations that conflict with a claimant's daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ cited plaintiff's work serving as a caregiver for her mother, caring for her disabled husband, and "responsibility at home…." AR 29. The first two do not suffice because plaintiff testified her work ended due to her high levels of absenteeism (AR 43), and the ALJ identified no evidence showing any specific tasks plaintiff performed in caring for her husband (who had a "mental" disability, *see* AR 42). *See Trevizo*, 871 F.3d at 676 (ALJ erred by discounting doctor's opinion based on plaintiff's activities where "the record provides no details

as to what [claimant's] regular childcare activities involved").  Plaintiff's household activities, however, provide substantial evidence undermining Dr. Johnson's opinions.  Plaintiff reported in March 2015 that she does the grocery shopping, cooks, runs errands, and sometimes works in the yard, cleans, and washes dishes and laundry.  AR 436.  In October 2015 plaintiff reported even further "increased responsibility issues at home."  AR 531.  The ALJ reasonably concluded that it would be difficult to accomplish these activities if standing were limited to five minutes and sitting were limited to 30 minutes at a time, as Dr. Johnson opined.  Plaintiff cites her testimony that she was only able to assist with household chores a "little bit" but tended to leave things undone.  AR 51.  However, the ALJ permissibly discounted her testimony, as discussed above.

The Court concludes the ALJ did not err by discounting Dr. Johnson's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 5th day of October, 2018.


John C. Coughenour
UNITED STATES DISTRICT JUDGE